## WALLACE & REED v. REED BROTHERS.

### No. 1918.   Decided February 24, 1909.

**1.—Statement of Facts—Stenographer's Report.**

Where the original statement of facts prepared by the stenographer **under** the Act of May 25, 1907 (Laws, 30th Leg. p. 510, secs, 4, 5) has not **been** sent up on appeal within the time required, it was proper to consider it if brought in at such time as not to delay the disposition of the case, and a motion to effect this is in time if filed before the submission. (Pp. 316, 317.)

**2.—Same—Excuse for Delay.**

If the mere failure of the clerk to perform his duty to send up the original, he copying it instead in the transcript, did not excuse the delay of appellants in presenting a proper record, sufficient excuse is found in the fact that the statute introduced a new and unfamiliar rule of procedure. (P. 317.)

Question certified from the Court of Civil Appeals for the **Third** District, in an appeal from Bell County.

*Durrett & Pendleton,* for appellants.—Cited St. Louis S. W. Ry. Co. v. Nelson, 108 S. W., 182; Garcia v. Clearey, 110 S. W., 177; Texas & P. Ry. Co. v. Stoker, 113 S. W., 3; Harris v. Hopson, 5 Texas, 529; Ross v. McGowen, 58 Texas, 603; Missouri Pac. Ry. Co. v. Scott, 78 Texas, 360; Chambers v. Fisk, 20 Texas, 343; Hart v. Weatherford, 19 Texas, 57; Boggess v. Harris, 90 Texas, 477; Aspley v. Alcott, 45 Texas Civ. App., 10; Brewster v. State, 40 Texas Civ. App., 1; Gulf, C. & S. F. Ry. Co. v. Cannon, 88 Texas, 312; Western U. Tel. Co. v. O'Keefe, 87 Texas, 423; Grant v. Hill, 30 S. W., 957; Morgan v. Curtenius, 19 How., 8; 1 Garland & Ralston, Fed. Prac., sec. 349; 2 Tidd's Prac., 1167.

*A. J. Harris* and *A. M. Monteith,* for appellees.—Cited House & Co. v. Williams, 40 Texas, 346; De Leon v. Owen, 3 Texas, 154; Chambers v. Fisk, 20 Texas, 344; Kernaghan v. Hall, 31 Texas, 138; Reynold v. Dechaumes, 22 Texas, 116; Garrison v. Richards, 107 S. W., 861; Marcus v. Hemphill, 1 Texas Civ. App., 573; Oldham v. Staker, 22 Texas, 200; Austin v. Townes, 10 Texas, 31; Pontiac Buggy Co. v. Dupree, 23 Texas Civ. App., 301; Barnette v. Hicks, 6 Texas, 351; Moody v. Hahn, 25 Texas Civ. App., 474; Ables v. Donley, 8 Texas, 336; Dotson v. Moss, 58 Texas, 156; Barton v. Forsyth, 5 Wall., 190; Wood v. U. S., 16 Peters, 342; Earnshaw v. U. S., 146 U. S., 60.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District. The statement and questions are as follows:

"This case is now pending in the Court of Civil Appeals, and was submitted on the 25th day of November, 1908, subject to a motion to strike from the record a copy of the statement of facts. The suit is one brought by appellees, Reed Bros. against the appellants upon a promissory note for $2502, executed in the firm name of Wallace & Reed, by R. J. Reed, acting as a partner of the firm. The question in the case, as presented by the pleadings and the evidence upon behalf of the appellants, is whether R. J. Reed had the authority to bind the appellant Mrs. Wallace by the note in question, and whether the consideration for the note sued on arose from a partnership business or transaction for which the firm of Wallace & Reed would be liable.

"The trial court, under the evidence, instructed a verdict for the appellees on the theory that the facts established that the firm of Wallace & Reed was a trading partnership, and that therefore the note was given in the pursuit of the partnership business, and was binding upon Mrs. Wallace.

"Appellant in her brief complains of this instruction and says that the evidence was sufficient to submit these facts to the jury; and we further state in this connection, that the assignments of errors of the appellant raise questions of fact, and if the statement of facts is considered it presents evidence sufficient, in our opinion, to require the issue of trading partnership and the note being executed for a partnership purpose to be submitted to the jury.

"There is incorporated in the transcript a copy of the statement of facts. As before said, a motion was made to strike this statement from the record. That motion we have sustained. In answer to that motion appellant filed on the 20th of November, 1908, an application for certiorari to bring up the original statement of facts, and has brought into this court the original statement of facts, with the request that we consider the same as the statement of facts in this case. The original statement of facts is now in our possession, consequently we have not acted upon the application for certiorari. The original statement of facts was delivered into this court on or about the 25th day of November, 1908, and has never been filed in the court, and was not brought up to this court within the ninety days time in which the law requires the record to be filed. This document is the original statement of facts properly signed by the attorneys that tried the case and approved by the district judge before whom the case was tried, and was prepared and filed, it seems, within the time required by law. The record or transcript of proceedings from the court below in this case was filed in this court on the 11th day of April, 1908, within ninety days from the time the appeal was perfected.

"We further find that no good and legal reason or excuse has been shown why the original statement of facts was not filed in this court sooner, or within the ninety days time required by law from the time of perfecting the appeal.

"With this statement the Court of Civil Appeals certifies to the Supreme Court the following questions:

"1. When no good and sufficient excuse or reason for not filing the statement of facts within the ninety days time required for filing the record in the Court of Civil Appeals is shown, and presenting to the Court of Civil Appeals the original statement of facts after the ninety days has expired, but before the case is submitted, or at such time, in other words, as not to delay the disposition of the case, is it the duty of the Court of Civil Appeals in disposing of the case to act upon and consider the statement of facts in passing upon and determining those assignments that properly raise questions of facts?

"2. Where no good reason or excuse is shown for the delay, can a party, as a matter of right, have brought up and filed and considered by this court the original statement of facts after the expiration of the ninety days time in which the law requires the record or transcript to be filed in this court after the appeal is perfected when no delay will result in the disposition of the case?

"We desire to say that upon the questions certified there is difference among the members of this court."

We are unable to distinguish the motion in this case from the ordinary motion in a court of civil appeals to cause the clerk of the trial court to certify any part or parts of the record, which were inadvertently omitted from the transcript. It is true in a motion to send up as a part of the transcript the stenographer's notes made out and signed by the attorneys and approved by the judge as a statement of facts by virtue of the Act approved May 25, 1907, there is nothing to be certified, except possibly the fact that the paper so prepared

was the stenographer's notes made out and signed as required by that act. Yet the evident purpose of providing for such motion was simply to perfect the record by a suggestion of its diminution by the omission of a material. part thereof. It is strictly a motion to perfect the record by sending up to the Appellate Court a part thereof which has been omitted therefrom, and we fail to see any good reason why a different and more stringent rule should be applied in such a' case than that applicable to motions to require the clerk to certify and send up some part of the record which ought to have been embodied in the transcript, but which has been left out. The rule as to the time of filing these latter motions is settled by decisions of this court. The motion is in time if filed before the submission of the case. Ross v. McGowen, 58 Texas, 603; Western U. Tel. Co. v. O'Keefe, 87 Texas, 423.

If any more excuse or cause for the delay is required to be shown than that the clerk has failed to do his duty by sending up the stenographer's notes at the time he sent up the transcript, it seems to us it could be found in the fact that the act above cited established a new and unfamiliar rule, and that from the language of the act the scope of the rule was not easy of ascertainment. This is more apparent since the records of this court show there has been no uniformity of practice on part of the clerks of the trial courts in the particular in question.

We answer both questions in the affirmative.