W. H. SHAW ET AL. v. H. J. SCHUCH.

Decided December 15, 1909, and January 19, 1910.

**1.—Injunction—Appeal—Statement of Facts.**

The ruling of the trial court refusing an injunction on the merits, having set down the case for a hearing of both parties on presentation of the petition to him, can not be reviewed on appeal in the absence of a statement of facts showing the proof on which he acted.

ON MOTION FOR REHEARING AND CERTIORARI.

**2.—Appeal—Defective Record—Want of Diligence.**

It is the duty of appellant's counsel to see that a proper record is sent up on appeal. Certiorari to bring up a statement of facts, omitted from the record by inadvertence of the clerk, will be refused after the cause has been affirmed because of its absence, where no excuse is shown except that counsel supposed it to be contained in the record.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Taylor & Frink,* for appellants.

*Joseph Spence, Jr.,* and *C. E. Dubois,* for appellee.

RICE, ASSOCIATE JUSTICE.—On the 8th of November, 1909, W. H. Shaw and others, appellants herein, presented their petition in vacation for injunction to the Hon. J. W. Timmins, District Judge, for a mandatory writ of injunction, for the purpose of enjoining H. J. Schuch, appellee herein, or any person acting for him, from in any

way interfering with them in removing, hauling and using gravel from the bed of the main Concho river, and further requiring and commanding the said Schuch to remove a fence from around the gravel bed in said river, to the end that they, in common with all others, might use and haul said gravel, and that on final hearing said injunction be made perpetual; alleging, amongst other things, that the said Schuch, to their detriment, had fenced in and enclosed a part of the bed of the main Concho river, at a point about one mile from Chadbourne street, in the city of San Angelo; that said point or portion thereof so fenced was a part of said river bed running along by and being the south boundary line of a tract of land owned by Leon Mosbacher, just below the confluence of the Middle and North Concho rivers; that defendant had fenced and enclosed the bed of said river, to the end that he might have the exclusive use and benefit of the gravel and sand that had accumulated at said point in said river, and had appropriated the same to his exclusive use and benefit. It was further alleged in said petition that there was no other body of gravel and sand of as good guality as this within said distance from said city to which appellants might have free access without trespassing upon private land; that some of them obtained a livelihood by hauling said gravel and sand, and that others of plaintiffs were users and consumers of said gravel as builders and contractors for the erection of houses in said city; that said gravel and sand at said portion of the bed of said river was common property belonging to the general public, and that no one has an exclusive right thereto, but that plaintiffs, in common with others, have the right to take, haul and use said gravel, and that the defendant had no legal right to fence or enclose the same; that the Concho river from its mouth to a distance far above said gravel and sand bed is of a uniform width of more than thirty feet, and is thereby made navigable by virtue of article 4147 of the Revised Civil Statutes of Texas.

Upon the presentation of this petition to said judge, it was set down for hearing on the 10th of November, and notice issued to appellee in accordance therewith. Upon hearing appellee answered by general and special exceptions, general denial, and by special answer that he had leased the tract of land from Mosbacher bordering upon said river, upon which the gravel was situated, but that said graved and sand mentioned in the petition is not in nor does the same form any part of the bed of said river, but, on the contrary, by reason of the change in the course of the stream, said gravel and sand had accumulated to the height of some six feet above and higher than the bed of said river and against the tract of land that he had leased, and being so formed, that the same was by accretion a part of said land; that defendant had not fenced or enclosed, nor was he exercising the exclusive use of any sand or gravel situated in the bed of said river; that the tract of land leased and fenced by him is bounded on the south by said Concho river, and extends to the low-water mark thereof, and that defendant has enclosed and is using the same, as he has a right to do, no part of which is public land nor lies in the bed of said river.

The court, after hearing the evidence, refused the injunction, and an order was entered in accordance therewith, from which this appeal

is prosecuted. The assignments of error assail the judgment refusing the relief on the ground that appellee had no right to enclose the land.

There is no statement of facts nor conclusions of fact and law filed by the court nor any bill of exceptions to the ruling of the court in the record. This being the state of the record, and no fundamental error appearing, there is nothing for this court to review. (Secrest v. Townsend, 1 Texas, 414; Ward v. Lattimore, 2 Texas, 246; Punderson v. Love, 3 Texas, 61; Anderson v. Walker, 67 S. W., 432; see also title Appeal and Error, vol. 1, Green's Texas Dig., p. 467, secs. 582 et seq.)

Therefore, the judgment of the court below must be affirmed, and it is so ordered.

### OPINION ON MOTIONS FOR REHEARING AND CERTIORARI.

On the 15th of December last, judgment of the court below in this case was affirmed without reference to the merits, it being held by us that, in the absence of a statement of facts, the errors assigned were such as could not be considered. Since then, to wit, on December 30, 1909, a motion for rehearing was filed herein, and on January 11, 1910, appellant filed a motion suggesting diminution of the record and for writ of certiorari to the district clerk to perfect the same by sending up the original statement of facts, to the end that the same might be filed as a part of the record on this appeal; which last motion is accompanied by an agreement of opposing counsel to the effect that said original statement of facts might be filed and used on motion for rehearing. As a basis for said motion it is alleged, among other things, that the clerk of the court in sending up the transcript of the record in this case inadvertently overlooked and failed to send up the original statement of facts agreed to by the respective attorneys and approved by the court, filed November 12, 1909. And it is further alleged that counsel for the appellant believed that the statement of facts was on file among the papers in this cause (that is, the counsel that were then in the case) until after the case was affirmed, when they were informed that no statement of facts appeared among the papers of the cause.

Both of these motions, after due consideration, we think should be overruled, because no sufficient reason is shown why the statement of facts did not accompany the record. The transcript of the record was filed in this court on the 17th of November, 1909, accompanied by briefs for appellant, which were filed on the same day. Briefs for appellee were filed on the 22d of said month, and the case was not submitted until the 8th of December. It is not a sufficient excuse that the clerk, from inadvertence failed to send up the statement of facts. It has frequently been held that it is the duty of counsel to see that the record is properly made up for submission, and nothing is shown in the motion excusing the failure on the part of counsel in this case to ascertain the fact that the statement of facts had not been sent up. The only allegation is to the effect that counsel thought that it had been sent. In Ross v. McGown, 58 Texas, 603, where a statement of

facts was disregarded because it was filed after close of the term at which the cause was tried without the record showing that an order had previously been entered allowing this to be done, and where it was actually shown that the order had been entered in the court below allowing the statement to be prepared and filed after adjournment, but by inadvertence of the clerk it was not incorporated in the record, and where it was asked that a certiorari be issued to have the same so incorporated that it might be considered in the case if the motion for rehearing should prevail, it was held, Chief Justice Willie delivering the opinion of the court, that "No excuse is offered as to why this defect in the record was not discovered before the cause was submitted, and why the certiorari was not asked to perfect it before the court was compelled to undergo the labor of examining the case under the supposition that no such order has been made in the court below. Inadvertence or inattention of the clerk to his duties in making up the transcript does not excuse an appellant for failing to perform his duty in bringing the appeal properly before the court. Due scrutiny of the record will enable him to discern defects in it, and have them remedied in time; and should the clerk refuse to make up the transcript properly, the appellant has his remedy to compel him to the performance of this duty."

He further says that "After a cause is once submitted upon a transcript supposed to be correct as the parties have made no objection to it, and we have decided it upon such transcript, we can not undertake to re-examine such cause because the counsel for either party discovers a defect in the transcript, which, if supplied, might possibly lead us to a different conclusion. A mistake in the pleadings or facts of a single word might influence the decision. This discovered and remedied, a new opinion framed to suit the altered record might itself be set aside upon the discovery of some other error, and so on to numberless changes in the transcript and the decisions upon it. This practice can not, of course, be allowed, and to prevent it the right to a certiorari must be limited to some point in the proceedings which must not extend beyond the date of the submission of the cause to the court for decision. Indeed, this has been the rule of this court announced in frequent opinions of our predecessors, which, having been orally delivered, may not have come to the knowledge of the profession generally."

To the same effect is Railway v. Scott, 78 Texas, 360; see also St. Louis & S. F. Ry. Co. v. Pettigrew (Texas Civ. App.), 97 S. W., 338, and Bomar v. Legg & Tindall, 101 S. W., 839; see also Wallace & Reed v. Reed·Bros., 116 S. W., 35, where the ruling in Ross v. McGown, supra, is approved.

Believing that mere failure or inadvertence on the part of the clerk to send up a statement of facts which has not been discovered by counsel for the appellant who has briefed the case until after its submission and decision, is not sufficient reason upon which to predicate a motion for certiorari to perfect the record, we therefore overrule the same, as well as the motion for rehearing. Motions overruled.

*Affirmed.*

Writ of error refused.