## GOLDBERG v. ALLEN. (No. 6487.)

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1922. Rehearing Denied Nov. 22, 1922.)

1. **Appeal and error** ⟐⟐544(1)—**Errors involving reference to facts not considered where no statement of facts is in record.**

Where all assignments of error call in question the state of the case as made by the evidence, and there was no statement of nor conclusions of facts in the record, the assignment will not be considered.

On Rehearing and Application for Permission to File Statement of Facts.

2. **Appeal and error** ⟐⟐628(1)—**Excuse for failure to file statement of facts insufficient.**

Where transcript and printed briefs were filed over a year before submission of the cause without any statement of facts having been filed or without effort to do so, which was due solely to oversight of counsel or their stenographer, the excuse for failure to so file was insufficient.

3. **Appeal and error** ⟐⟐624—**For good cause, statement of facts may be filed at later date than fixed by statute.**

The statement of facts is by the statute and rules of court made part of the record, and should be filed with the transcript; but it is in the court's discretion to allow it to be filed at a date later than that fixed for good cause shown.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, McLennan County.

Action by Collin Allen against B. R. Goldberg. Judgment for plaintiff, and defendant appeals. Affirmed.

Taylor & Hale, of Waco, for appellant.

Stanford & Stanford, of Waco, for appellee.

BRADY, J. Appellee sued appellant for damages for alleged personal injuries sustained by him from being bitten by appellant's dog, which was alleged to have been afflicted with rabies. The petition alleged negligence on the part of appellant in permitting the dog to run at large, with knowledge that the animal was afflicted with rabies, and that in such condition he was vicious and would expose the public, including appellee, to danger of being bitten. Appellant answered by general demurrer, general denial, and specially denied the alleged negligence, but pleaded that the injuries of appellee were due to his own contributory negligence.

The case was submitted to the jury upon special issues, which were all favorable to appellee, including an award of $750 for damages. Judgment was entered for appellee in conformity to the verdict, and the findings are sufficient to support the judgment.

The brief of appellant contains a number of assignments of error, complaining of the submission of one of the special issues, because the evidence does not raise the issue, and that the answer of the jury to such issue was contrary to the evidence; and other assignments complaining of the refusal to give certain requested charges, which it is claimed were required by the evidence; and also complaining of certain definitions of negligence given in the charge.

[1] There is no statement of facts in the record, nor are there any conclusions of fact. Appellee's counsel insist that since all the assignments call in question the state of the case as made by the evidence, or are dependent upon the condition of the evidence, this court should overrule or refuse to consider any of appellant's assignments of error, citing the following cases: Pace v. Price et al. (Tex. Civ. App.) 45 S. W. 203; G., H. & S. A. Ry. Co. v. Perkins (Tex. Civ. App.) 73 S. W. 1067; G., H. & S. A. Ry. Co. v. Keen (Tex. Civ. App.) 73 S. W. 1074; Texas & P. Ry. Co. v. McAllister, 59 Tex. 349.

With this contention we are constrained to agree. The facts proven on the trial not being in any manner shown in the record, we are unable to determine that there was any error committed by the trial court in the particulars complained of, where such alleged errors necessarily involve a reference to the facts of the case. This is manifestly true of all assignments, except, perhaps, those complaining of the definitions in the charge. As to the latter, we are of the opinion that it has not been made to appear that there was any error whatever in the definitions given, even abstractly considered; but, in any event, we are unable to say that there has been reversible error committed in this respect, since there is neither statement of facts nor conclusions of fact in the record.

In addition to the authorities above cited, we cite the following: Fallen v. Weatherford (Tex. Civ. App.) 158 S. W. 1174; Connor v. Mangum (Tex. Civ. App.) 127 S. W. 256; Kruegel v. Johnson (Tex. Civ. App.) 112 S. W. 774; Connell v. Nickey (Tex. Civ. App.) 167 S. W. 313; Bastrop Growers' Ass'n v. Cochran (Tex. Civ. App.) 171 S. W. 294; Hines v. Sparks (Tex. Civ. App.) 146 S. W. 289; Ellerd v. Randolph (Tex. Civ. App.) 138 S. W. 1171.

The judgment will be affirmed.

Affirmed.

On Rehearing and Application for Permission to File Statement of Facts.

On the original hearing of this cause, we affirmed the judgment of the court below and refused to consider the assignments of error, because there was no statement of facts in the record.

[2] Appellant has filed a motion for rehearing, and has asked leave to file the original statement of facts, upon the ground that the failure to file same was not due to the fault or laches of the appellant or his attorneys of record, but was the result of causes beyond their control.

We have carefully examined the motions and the affidavits attached in support thereof, and find that no sufficient excuse has been presented for the failure to file a statement of facts. It is clear that this was due solely to the oversight or neglect of counsel for appellant, or their stenographer. It appears from the affidavits that when appellant's counsel had prepared their brief, they instructed their stenographer to forward the record to the clerk of the Court of Civil Appeals, and that counsel believed the statement of facts had been filed, until informed by the written opinion of this court that such was not the case. The transcript and printed briefs for appellant were filed in this court on the 29th day of August, 1921; so that over a year had elapsed before the submission of the cause without any statement of facts having been filed, and without any effort to do so. It appears from the counter affidavits filed here that the fault was wholly that of appellant's counsel, or their employé, and that counsel for appellee were in no wise to blame.

[3] The statement of facts is by the statutes and rules of court made a part of the record and should be filed with the tran-

script. However, we have no doubt of our discretion to allow the statement of facts to be filed at a date later than that fixed by statute, for good cause shown. In the circumstances of this case, we are of the opinion that appellant should not be heard to insist that the statement of facts be now filed, after the long delay involved and after submission and a decision by this court, since the excuse offered is wholly one of oversight or neglect. The motion comes too late. Without intending to be too critical, we think it would be difficult to imagine a clearer case of neglect.

This court will not give literal enforcement to the rules, unless so compelled, where the effect would be to hinder or defeat justice. Our discretion, however, should be exercised to promote the due and orderly administration of justice. We cannot sanction the failure to observe the statutes and rules manifest in this case. It is no answer to say that appellant should not be penalized for the omissions of his counsel. He was represented by attorneys of recognized ability, and their acts and omissions must be deemed to be his, and we must decline to reopen the case under the excuse shown. Royal Ins. Co. v. Ry. Co., 53 Tex. Civ. App. 154, 115 S. W. 117, 123; Shaw v. Schuch, 58 Tex. Civ. App. 255, 124 S. W. 688.

Both motions are overruled.

Motions overruled.