SOUTHERN COTTON OIL CO. v. ATLANTIC COAST LINE R. CO.

WADE v. SEABOARD AIR LINE RY. CO.

(District Court, S. D. Georgia, E. D.   May 2, 1919.)

Nos. 1116, 1108.

RAILROADS ☞5½, New, vol. 6A Key-No. Series—SERVICE OF PROCESS—CONTROL BY GOVERNMENT.

Under the presidential proclamation assuming control of the railroads and the general orders of the Director General, the employés of the railway companies who continued in the service became the employés of the gov-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ernment, and service cannot be made on them as agents of the corporation in actions for injuries caused while the railroads were privately operated.

At Law. Separate actions by the Southern Cotton Oil Company against the Atlantic Coast Line Railroad Company, and by W. H. Wade, as administrator of James Henry Petit, against the Seaboard Air Line Railway Company. On traverse of the entry of service. Entries of service set aside.

Geo. W. Owens, of Savannah, Ga., for plaintiff Southern Cotton Oil Co.

Oliver & Oliver, of Savannah, Ga., for plaintiff Wade.

Osborne, Lawrence & Abrahams, of Savannah, Ga., for defendant Atlantic Coast Line R. Co.

Anderson, Cann, Cann & Walsh, of Savannah, Ga., for defendant Seaboard Air Line Ry. Co.

BEVERLY D. EVANS, District Judge. These cases were heard on the same day, and, as the point for present decision is identical, they will be considered together. That point arises on a traverse of the entry of service, wherein service on the defendant corporation is stated as having been made by serving a designated individual as an agent of the defendant corporation. I find as a conclusion of fact, based on an agreement in the first case and upon a consideration of the evidence submitted in the other, that the cause of action in each case originated prior to the Act for Federal Control of Railroads (Act March 21, 1918, c. 25, 40 Stat. 451 [Comp. St. 1918, §§ 3115¾a to 3115¾p]), and each suit was brought after the passage of that act and the taking over of the railroads thereunder by presidential proclamation, and service was had on an agent in the employment of the government of the United States at the time of the service. The legal question presented is whether service on the agent of the government, engaged in the operation of the railroad of the carrier, under the facts stated above, constitutes service on the defendants, because of their former employment by them.

Under the presidential proclamation of December 26, 1917, the possession, control, and operation of the railroads shall be exercised by and through William G. McAdoo as Director General. When the Director General assumed control, the acts of the former officers and employés, who retained their positions and conducted the details of operation of the railroads, were the acts of the Director General. Rutherford v. Union Pac. R. Co. (D. C.) 254 Fed. 880. Their employment by the Director General made them exclusively the servants or agents of the employer. There could be no divided allegiance as agents of the railroad corporation and of the Director General, so as to accomplish the purpose of Congress. The acts of Congress, the proclamation of the President, and the general orders of the Director General neither expressly nor by implication contemplated a dual agency of employés engaged in the operation of the railroads. All moneys derived from the operation of carriers during federal control was declared to be the property of the United States. Act March 21,

1918, c. 25, 40 Stat. 457, § 12 (Comp. St. 1918, § 3115⅜*l*). In suits arising on causes of action occurring since December 31, 1917, and growing out of the possession, control, and operation of any railroad by the Director General, service of process is made "upon operating officials operating for the Director General of Railroads." General Orders No. 50 and 50–A. These orders in effect designate the officials of a railroad company engaged in the operation of the railroad as the agents of the government.

It has been held by the Supreme Court of Georgia that an agent employed in the operation of a railroad under a receiver, who has possession of the road, in consequence of a seizure by the Governor for nonpayment of interest on bonds which the state had indorsed, is not the agent of the corporation. Cherry v. North & South Railroad Co., 59 Ga. 446; Steamship Co. v. Wilder, 107 Ga. 226, 33 S. E. 179.

The agents sought to be served in these cases had ceased to act for the corporation in the operation of the railroad. The corporation was out of control of the railroad, was out of possession, and had nothing for a superintendent or station agent to do. The former agents had ceased to be agents of the corporation pending federal control, and had become agents of the government. Hence service on the government's agents was not service on the corporation's agents, and the corporation has not been served under the Georgia statute, which permits service on a corporation by serving its agent.

An appropriate order will be taken in each case