(84 South. 864)

WESTERN UNION TELEGRAPH CO. v. LASLIE. (5 Div. 313.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

1. APPEAL AND ERROR ⬅957(1)—JUDGMENT ⬅139—MOTION TO SET ASIDE JUDGMENT BY DEFAULT ORDINARILY ADDRESSED TO DISCRETION.

Ordinarily a motion to set aside judgment by default is addressed to the sound discretion of the trial court, and as a rule will not be disturbed; but, where the record shows the trial court acted on a misinterpretation of the law under the undisputed facts, the appellate court will review its action.

2. EVIDENCE ⬅34, 46—COURT OF. APPEALS NOTICES ACTS OF CONGRESS AND PRESIDENTIAL PROCLAMATIONS.

The Court of Appeals takes judicial notice of the acts of Congress and presidential proclamations thereunder.

3. TELEGRAPHS AND TELEPHONES ⬅26¾, NEW, VOL. 7A KEY-No. SERIES—COMPANY UNDER FEDERAL CONTROL HELD NOT BOUND BY SERVICE OF PROCESS ON MANAGER OF LOCAL OFFICE.

Manager of telegraph company's local office in a city, not an executive officer of the company authorized to receive service of process, held not an agent of the company on whom process might be served, so as to bind it when the company was under federal control during the war with Germany.

Appeal from Circuit Court, Macon County; S. L. Brewer, Judge.

Action by D. E. Laslie against the Western Union Telegraph Company for damages for delay in delivery of a message, resulting in judgment by default for plaintiff, which defendant moved to set aside, the motion being denied, and defendant appeals. Reversed and remanded.

See, also, ante, p. 303, 84 South. 864.

Rushton, Williams & Crenshaw, of Montgomery, for appellant.

Where the plaintiff has made the demand for jury trial, he cannot withdraw the demand without the consent of, or at least notice to, the defendant. Acts 1915, p. 939; 201 Ala. 97, 77 South. 391; 79 South. 253.

H. P. Merritt, of Tuskegee, for appellee. No brief came to the Reporter.

SAMFORD, J. Judgment by default was rendered October 14, 1918. After the rendition of the judgment by default, defendant made its motion to set aside the judgment, assigning several grounds, among which was: "The summons and complaint were not served on an agent of defendant." The motion was accompanied by affidavits establishing the fact that the only service had on defendant was by leaving a copy of the summons

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and complaint with Miss Kathryn Grimmett, the local manager of the Western Union Telegraph Company at Tuskegee, on September 4, 1918; but she failed to notify the superintendent of the service, nor did any other executive officer of the defendant company have notice. There was other evidence of a meritorious defense to the action, unnecessary here to mention. The motion was continued from time to time, until December 16, 1918, when it was heard, and the motion overruled, which action of the court is here assigned as error.

[1] Ordinarily a motion to set aside a judgment by default is addressed to the sound discretion of the trial court, and as a rule will not be disturbed. But where the record shows that the trial court acted upon a misinterpretation of the law, under the undisputed facts, the appellate court will review the action of the trial court, for the purpose of correcting an error in the application of the law to the facts. If the facts were disputed, a different question would be presented.

The suit is based upon the alleged delay in the delivery of a telegraphic message, transmitted over the wires of the defendant company from New York City of Tuskegee, Ala. The complaint was filed September 5, 1918, and was executed on the same day by service upon Miss Kathyrn Grimmett, stated in the return of the sheriff to be the agent of defendant at Tuskegee, Ala. On the hearing on the motion to set aside the judgment, it appears from the testimony that during the month of August, 1918, the United States government, acting under authority of law, took over complete control and management of the defendant company, and that at the time of the service of process in this case all of the operators of the company, including Miss Grimmett, were in the employ of the United States, under the direction of the Postmaster General, and were not employed by the defendant. On July 22, 1918, the President of the United States by proclamation (U. S. Comp. St. Ann. Supp. 1919, § 3315¾x), acting under authority of law directed that:

"It is hereby directed that the supervision, possession, control, and operation of such telegraph and telephone systems hereby by me undertaken shall be exercised by and through the Postmaster General."

[2] Of the acts of Congress, and presidential proclamations thereunder, this court takes judicial knowledge. In the case of Dakota Central Telephone Co. v. State of South Dakota (opinion June 2, 1919) 250 U. S. 163, 39 Sup. Ct. 507, 63 L. Ed. 910, 4 A. L. R. 1023, the Supreme Court of the United States has fixed the extent of the power conferred upon the President and Postmaster General by the act of July 16, 1918 (U. S. Comp. St. Ann. Supp. 1919, § 3115¾x), and the proclamations thereunder.

[3] It appearing that Miss Grimmett was only the manager of the telegraphic office at Tuskegee, and not an executive officer of the defendant corporation, authorized to receive service of process, it follows that at the time of service of process in this case she was not the agent of the defendant company on whom process might be served, so as to bind the defendant. Haubert v. B. & O. Ry. Co. (D. C.) 259 Fed. 361; Hatcher v. A., T. & S. F. Ry. Co. (D. C.) 258 Fed. 952; Rutherford v. U. P. Ry. Co. (D. C.) 254 Fed. 880; So. Cotton Oil Co. v. A. C. L. R. Co. (D. C.) 257 Fed. 138; Wood v. Clyde S. S. Co. (D. C.) 257 Fed. 879.

A careful study of the case of Vaughn v. State, 81 South. 417,[1] will reveal the fact that the principles there announced are not in conflict with the foregoing discussions, but are in line with the recent holding in Canidate v. W. U. Tel. Co., 6 Div. 979, 203 Ala. 675, 85 South. 10. The defendant has not been served with process, and the motion to set aside the judgment by defendant should have been granted.

For this error, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

MERRITT, J., not sitting.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

