but was descriptive, and being descriptive, must be proved as alleged. See State v. Meysenburg, 171 Mo. 1, 71 S. W. 235; Blocker v. State, 73 S. W. 955; Gray v. State, 11 Tex. App. 411; Warrington v. State, 1 Tex. App. 168; Cameron v. State, 9 Tex. App. 332. Unnecessary descriptive averments do not vitiate an indictment, but cast the burden upon the pleader in the prosecution of proving such averments. Rogers v. State, 26 Tex. App. 429, 9 S. W. 762; Martinez v. State, 51 Tex. Cr. R. 585, 103 S. W. 930.

It has also been held that when a person, place, or a thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved, and cannot be rejected as surplusage, for by reason of the pleading they are made essential to identity. See State v. Meysenburg, supra; Blocker v. State, supra; Warrington v. State, supra; Rose v. State, 1 Tex. App. 401; Ranjel v. State, 1 Tex. App. 462; Lunsford v. State, 1 Tex. App. 448, 28 Am. Rep. 414; Courtney v. State, 3 Tex. App. 261; Meuly v. State, 3 Tex. App. 383; Collier v. State, 4 Tex. App. 12; McGee v. State, 4 Tex. App. 625; Watson v. State, 5 Tex. App. 27; Allen v. State, 8 Tex. App. 360; Mosely v. State, 9 Tex. App. 137; Cameron v. State, 9 Tex. App. 332; Wallace v. State, 10 Tex. App. 269; Simpson v. State, 10 Tex. App. 681; Gerard v. State, 10 Tex. App. 691; Gray v. State, 11 Tex. App. 411; Davis v. State, 13 Tex. App. 219; Childers v. State, 16 Tex. App. 527; Moore v. State, 20 Tex. App. 279; Stiff v. State, 21 Tex. App. 255, 17 S. W. 726; Coleman v. State, 21 Tex. App. 526, 2 S. W. 859; Withers v. State, 21 Tex. App. 212, 17 S. W. 725; Loyd v. State, 22 Tex. App. 649, 3 S. W. 670; McLaurine v. State, 28 Tex. App. 530, 13 S. W. 992; Evans v. State, 40 S. W. 988; Ward v. State, 21 S. W. 250; Knight v. State, 49 S. W. 383; Neely v. State, 32 Tex. Cr. R. 370, 23 S. W. 798; Hill v. State, 41 Tex. 257; Butts v. State, 47 Tex. Cr. R. 494, 84 S. W. 586; Wade v. State, 52 Tex. Cr. R. 620, 108 S. W. 677; McAllister v. State, 55 Tex. Cr. R. 266, 116 S. W. 582; Snelling v. State, 57 Tex. Cr. R. 416, 123 S. W. 610; Early v. State, 56 Tex. Cr. R. 61, 118 S. W. 1036; Melton v. State, 124 S. W. 911; Poston v. State, 126 S. W. 1148; Tucker v. State, 128 S. W. 617.

It has also been held that if money is unnecessarily described, the description must be proved as laid. Statum v. State, 9 Tex. App. 273; Simpson v. State, 10 Tex. App. 681; Childers v. State, 16 Tex. App. 527; Gerard v. State, 10 Tex. App. 691; Early v. State, 56 Tex. Cr. R. 61, 118 S. W. 1036; Snelling v. State, 57 Tex. Cr. R. 416, 123 S. W. 610; Johnson v. State, 126 S. W. 597; Lancaster v. State, 9 Tex. App. 393.

It has also been held if age, color, brand, or sex of an animal is unnecessarily alleged, the evidence must correspond with that allegation. Hill v. State, 41 Tex. 257; Lunsford v. State, 1 Tex. App. 448, 28 Am. Rep. 414; Ranjel v. State, 1 Tex. App. 462; Courtney v. State, 3 Tex. App. 261; Allen v. State, 8 Tex. App. 360; Davis v. State, 13 Tex. App. 219; Cameron v. State, supra; Gray v. State, supra; Ward v. State, 21 S. W. 250; Loyd v. State, 22 Tex. App. 649, 3 S. W. 670.

It has also been held if a contract is unnecessarily described as express, the allegation will not be supported by proof of an implied contract. State v. Meysenburg, 171 Mo. 1, 71 S. W. 235.

If ownership be needlessly alleged, it must be proved as laid. Collier v. State, 4 Tex. App. 12; McLaurine v. State, 28 Tex. App. 530, 13 S. W. 992; Rose v. State, 1 Tex. App. 401.

If an injured party is alleged to be a corporation, the evidence must support that allegation. Tucker v. State, 128 S. W. 617.

If stolen property be unnecessarily described, the description must be proved as laid. Poston v. State, 126 S. W. 1148; Coleman v. State, 21 Tex. App. 526, 2 S. W. 859.

If the name, age, or sex of an injured party be alleged, it must be proved. Wallace v. State, 10 Tex. App. 269; Butts v. State, 47 Tex. Cr. R. 494, 84 S. W. 586; Mosely v. State, 9 Tex. App. 137.

Having alleged in the indictment that appellant issued tickets to those who were to draw at the lottery, as one of the means by which the lottery was carried on, it became a descriptive averment, and the evidence should have corresponded with the allegation. This was a descriptive averment and the evidence must so show on the trial. Failure in this respect constitutes fatal variance.

For the reason indicated, the judgment is reversed and the cause is remanded.

McCORD, J., disqualified.

---

GOSWICK v. TEMPLETON & HIGHTOWER.

(Court of Civil Appeals of Texas. Dec. 15, 1910.)

APPEAL AND ERROR (§ 20*)—JURISDICTION—AMOUNT INVOLVED.

Plaintiff sued on an open account for $105.36, and defendant claimed by cross-action a debt for $166.82. The case, as disclosed by the record, was first tried in the county court. *Held* that, the amount in controversy being below the original jurisdiction of the county court, it was without jurisdiction, and hence the Court of Civil Appeals could acquire no jurisdiction by appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

Appeal from Franklin County Court; G. E. Cowan, Judge.

Action by Templeton & Hightower against

S. D. Goswick. Judgment for plaintiffs, and defendant appeals. Dismissed.

Hope & Shurtleff and L. W. Davidson, for appellant.

LEVY, J. The record in the case shows that the plaintiffs in the court below sued for a debt due by open account for $105.36, and the defendant claimed by cross-action a debt for $166.82 due by open account. It seems from the record that this case was tried in the county court in the first instance, as evidenced by all the file marks on the papers, and there is nothing to show us that the case was not brought and tried in the county court in the first' instance. The amount of the debt sued for is below the original jurisdiction of the county court, and it had no original jurisdiction to try the suit. and therefore this court acquires no jurisdiction on appeal.

The appeal is therefore dismissed.