BASTROP & AUSTIN BAYOU RICE GROWERS' ASS'N et al. v. COCHRAN et al.

(Court of Civil Appeals of Texas. Galveston. June 7, 1911. Rehearing Denied June 15, 1911.)

1. CONTRACTS (§ 305*)—CONSTRUCTION CONTRACTS—TIME FOR PERFORMANCE—WAIVER.

If the owner leads a contractor to believe that performance by the time fixed in the contract will not be required, thereby inducing the contractor to expend money and material in completing the work, recovery of compensation cannot be defeated on account of failure to complete on time.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1467–1475; Dec. Dig. § 305.*]

2. CONTRACTS (§ 309*)—CONSTRUCTION CONTRACTS—DESTRUCTION OF WORK—RIGHT TO COMPENSATION.

Destruction of work by flood before its delivery by the builder to the owner does not excuse nonperformance of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1444–1446; Dec. Dig. § 309.*]

3. CONTRACTS (§ 353*)—INSTRUCTIONS—CONFORMITY TO PLEADING.

In a suit for the contract price for constructing work, counting upon performance of the contract which made the price due on delivery of the completed work, it was error to authorize recovery if the work was completed and would have been delivered had the owner

not wrongfully refused to accept it unless the contractor furnished extras, and the work was destroyed by flood while doing the extra work; that issue not being raised by the pleadings.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 353.*]

4. CONTRACTS (§ 303*) — CONSTRUCTION CONTRACTS—NONPERFORMANCE—EXCUSE.

One contracting to construct work according to plans and specifications, cannot, in the absence of fraud or mistake, excuse nonperformance on account of defects in the plans and specifications.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. § 303.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by J. B. Cochran against the Bastrop & Austin Bayou Rice Growers' Association and others. Judgment for plaintiff, and certain defendants appeal. Reversed and remanded.

Masterson & Rucks and Masterson & Masterson, for appellants.

PLEASANTS, C. J. This suit was brought by appellee, Cochran, against the appellant association and the individual members thereof, and against the appellee A. N. Fitzgerald, to recover the sum of $1,449.53, alleged to be due by the appellants to said Fitzgerald as a balance upon a contract under which Fitzgerald constructed for appellants a lock and dam across Bastrop bayou in Brazoria county, which claim for said balance Fitzgerald had transferred and assigned to appellee, Cochran, and guaranteed its payment.

The contract between appellants and Fitzgerald, upon which plaintiff's cause of action is based, was made and entered into on March 19, 1908. This contract, in which appellants are designated "the owners" and the contractor, Fitzgerald, "the builder," omitting the preamble and signatures of the parties thereto, is as follows:

"That the builder agrees at his own proper cost and expense, to forthwith begin and in an expeditious and workmanlike manner build, finish, and complete the construction of the lock and dam agreeably to the plans, drawings, and specifications hereto attached, and which said plans, drawings, and specifications are made a part of this contract. It is agreed that all of the old dam, as it now exists, and all work and material therein, shall become the property of the builder and be used by him in the building and completion of said lock and dam, and the said builder agrees, at his own proper cost and expense, to provide all labor and all additional material of whatsoever nature which may be necessary for the proper execution of the work included in this contract according to the true intent and meaning of said plans and specifications, excepting, however, that the said owners, at their own proper cost and expense, shall furnish and provide

---

all necessary right of way and earth for filling purposes. And it is agreed that all tools, implements, buildings, etc., heretofore used in connection with the building of said dam shall become the property of the builder for his own use and benefit for and during the construction of the dam, when same shall be returned and vacated to the owners.

"The said owners, for and in consideration of the faithful performance of the terms of this contract on the part of the said builder, agree to pay said builder the sum of thirty-two hundred and fifty dollars ($3,-250) at times and in the manner following: One-third (⅓) of said consideration to be paid to the said builder upon the furnishing and delivery by him at said dam site all tools and machinery and material necessary for the building and completion of said lock and dam, one-third (⅓) of said consideration to be paid to said builder when the work of building and completing said lock and dam shall have been half executed, and one-third (⅓) of said consideration to be paid to said builder upon the full and final completion of said work in accordance with this agreement.

"The said builder agrees to make and enter into a bond with two or more good and sufficient sureties, in the sum of eight hundred and twelve and 50/100 dollars ($812.50), and payable to said owners, conditioned for the faithful performance of the terms of this contract and all of his obligations thereunder; and said owners agree to place the sum of $3,250 in cash on deposit in the Angleton State Bank of Angleton, Texas, for the purpose of meeting the payments due said builder as they may accrue, upon the builder delivering to them and upon their acceptance and approval thereof of said bond, as above mentioned, said sum so placed in said bank to become and be known as the 'Dam Fund,' and shall safely preserve the same for the purpose of making payments to said builder, as herein provided, and shall make such payments only when authorized so to do by the written order of said Bastrop and Austin Bayou Rice Growers' Association, signed by the president and the chairman of the executive committee of said association.

"The said builder hereby contracts and agrees to build, finish, and complete said lock and dam in accordance with the plans, drawings, and specifications hereto attached and in accordance with this contract, and to deliver and turn same over to the said owners in such completed condition on or before the 1st day of June, 1908, and time shall be the essence of this contract.

"The builder agrees to do said work in a first-class, workmanlike manner, and the work and material used in the construction of said dam shall be at all times subject to the inspection and approval of the said owners.

"In case of any dispute or disagreement arising between the said owners and the said builder with respect to any work or material or matter growing out of or relating to this contract, same shall be referred to the final determination and award of a committee of three members, one of such committee to be appointed by the owners, one to be appointed by the builder, and the other member of said committee to be appointed by the two so selected, and the award and decision of such committee shall be final and conclusive as to the matters referred to them."

The amended petition upon which the cause was tried alleges the execution of the contract and the full performance by Fitzgerald of all his obligations thereunder, and the transfer by Fitzgerald of his claim against appellants. The account stated in the petition and upon which recovery is sought is as follows:

Bastrop and Austin Bayou Rice Growers' Association, Angleton, Texas, to A. N. Fitzgerald, Dr.

| | | |
|---|---|---|
| As per contract for rebuilding and repairing dam........................ | | $3,250 00 |
| By cash, May 1st, 1908............. | $1,083 33 | |
| By cash, May 25th, 1908............ | 1,083 33 | |
| | $2,166 66 | $3,250 00 |
| To extra rods in dam between piling ................................... | | 66 20 |
| To extra work in lowering floor in lock No. 2......................... | | 150 00 |
| To extra work extra wing wall 20 ft. long on south side of cross dam ............................... | | 150 00 |
| | $2,166 66 | $3,616 20 |
| Total balance ................... | $1,449 54 | |
| | $3,616 20 | $3,616 20 |

The answer of defendants contains a general demurrer and general denial and a special plea in which it is averred, in substance: That said Fitzgerald failed and neglected to perform said contract in accordance with the specifications, plans, and drawings for said work, or in a good and workmanlike manner, and entirely failed to complete said lock, and failed to drive the piling, provided for in said specifications, a sufficient depth to prevent said work from being washed away by flood water passing through said bayou, and failed to provide piling 30 feet in length, as required by said specifications for said work. That the opening of the 4-foot channel was only lowered to 3-foot depth, in violation of the terms of the permit granted by the United States War Department, which provided that a 4-foot channel should be maintained. That all the work done by said Fitzgerald under said contract was poorly done and of inferior character, and that the material used was of an inferior quality, and not of the character contracted for. That all of said work was so poorly constructed and erected that it had not sufficient strength or stability to withstand the force of the usual flood and drainage water passing through said bayou, as its natural flow and drainage way for the adjacent lands, and because of said inferior workmanship and material and noncompliance with the plans, drawings,

and specifications aforesaid, all or a greater part of said structure was washed away by an ordinary flow of high water before completion thereof. That the work done by said contractor was of no benefit to defendants, but was wholly valueless. That said contract, among other things, provided that said Fitzgerald should build, finish, and complete said lock and dam and deliver and turn same over to the defendants in such completed condition on or before the 1st day of June, 1908, and that time was the essence of the contract, but said work was not completed or turned over to defendants on the 1st day of June, 1908, or at any other time, and that said Fitzgerald never completed said work and never earned the contract price or any other sum for said work. That by the terms of said contract the said association agreed to pay said contractor $3,250 in three installments, to wit, one-third thereof when the material was placed on the ground, one-third when the work was half done, one-third when the work was completed and turned over to said association in a completed form; said contract giving the association the right to inspect and reject or approve the work as it progressed, providing for arbitration in case of disagreement upon points of difference as to whether the work was being done in accordance with the specifications, plans, and drawings. That said association carried out and performed its undertakings under said contract by paying the first two installments, but that said contractor failed to complete said work and same was washed away and destroyed before completion, and before the contract price was earned.

In reply to this answer the appellee Cochran filed a supplemental petition in which he alleges, that "if it be true, as alleged by defendants in paragraph 6 of said answer, that defendant A. N. Fitzgerald did not complete said lock and dam in all things in accordance with the contract, and turn over and deliver the same to defendants on or before the 1st day of June, 1908, or at any other time, and that time was the essence of said contract, which is not admitted but expressly denied, defendants, by their acts and conduct, subsequent to said date, in permitting and directing the work on said lock and dam to be continued by the said Fitzgerald, and in recognizing and treating said contract thereafter as still subsisting and binding, and by acts inconsistent with any supposition that they would continue to hold the said Fitzgerald amenable to the time limit aforesaid for the performance of said contract, waived their right to now insist upon said time limit for the performance of said contract, and are now estopped and precluded from the right of claiming any enforcement of said time limit for said performance."

The defendant Fitzgerald for answer adopted all of the allegations of plaintiff's petition and prayed that he have judgment over against his codefendants for any amount he might be adjudged to pay plaintiff. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for $1,083.33⅓, balance due on the contract price of the work, and $66.20 "for extras," with interest on said amounts from July 15, 1908, at 6 per cent. per annum.

[1] The undisputed evidence shows that the work of constructing said lock and dam was not completed by June 1, 1908, as provided in the contract, and the structure had not been completed and turned over to appellants at the time of its destruction by storm or high water in September, 1908, and that no extension of time was granted the contractor. Testimony was introduced by the plaintiff which is sufficient to sustain a finding that the work was completed according to contract and the contractor was ready to turn it over to the appellants on July 15, 1908, but they refused to accept it unless the contractor would make certain changes therein which required him to furnish extra material and perform additional labor to that required by the contract, and that in order to avoid litigation he consented to make the changes and furnish the extra material and do the extra work demanded by the appellants, and while engaged in doing this extra work, which appellants had no right to require of him under his contract, the structure was destroyed without fault or negligence on his part. The evidence also shows that appellants did not demand the delivery of the work on the 1st of June, but permitted and encouraged the contractor to continue work on the structure after that time, and we think this evidence is sufficient to justify the conclusion that they did not intend to insist on a strict compliance with the terms of the contract in regard to the time for the completion of the work. If by their actions they led the contractor to so believe and induced him to expend money and material in the completion of the work, they would not be permitted to defeat his right to compensation for such work on the ground that it was not performed within the time designated in the contract, provided it was finally completed in accordance with the contract.

[2] The learned trial judge took this view of the case and instructed the jury, in substance, that if they found that the appellants had, by their dealings with the contractor after the 1st day of June, induced him to believe that they would not refuse to accept the structure if it was completed within a reasonable time, and that the contractor did complete said structure in accordance with the plans and specifications on July 15th, but that appellants wrongfully refused to accept same unless the contractor would furnish extra material and do extra work on the structure not required of him

under his contract, and that while he was engaged in performing this extra work the structure was destroyed without fault on his part, they should find for the plaintiff for the balance due upon the contract.

Under an appropriate assignment of error the appellants complain of this portion of the charge on the ground that it submits an issue not raised by the pleadings and authorizes a recovery upon a ground not alleged in the petition.

We think this complaint is well founded. Under the contract the final payment to the contractor was not to become due until the structure in its finished and completed state was turned over by the contractor to the appellants. The amended petition, upon which the cause was tried, alleged a full compliance on the part of the contractor with all the terms and provisions of the contract and based plaintiff's right to recover upon this ground. This was, in effect, an allegation that the structure was completed in accordance with the plans and specifications and turned over to the appellants within the time stipulated in the contract. Appellants' answer especially denied these allegations, and averred that the structure was not completed within the time specified, and was, before its completion and while in the hands of the contractor, destroyed by flood. In reply to this answer plaintiff, by supplemental petition, alleged that appellants by their manner of dealing with the contractor had waived their right to insist on the time limit named in the contract. There is no allegation that the completion of the structure and its delivery to appellants was delayed by the wrongful act of appellants in requiring the contractor to perform additional work to that specified in the contract. The contractor undertook to construct and deliver the finished and completed structure and he would not be relieved of his obligation to perform this undertaking by the destruction of the work by storm before its completion. It is well settled that in such case the loss would fall upon the contractor, and he would not be entitled to recover for the work done by him, and unless he rebuilds the structure he is liable to the owner for damages for failure to comply with his contract. Weis v. Devlin, 67 Tex. 510, 3 S. W. 726, 60 Am. Rep. 38; Bartlett v. Bisbey, 27 Tex. Civ. App. 405, 66 S. W. 70; Burke v. Purifoy, 21 Tex. Civ. App. 202, 50 S. W. 1091.

[3] The undisputed evidence in this case shows that the lock and dam was destroyed by flood while in the hands of the contractor before completion, and the only ground upon which recovery can be had is that the additions and changes which the contractor was making in the structure were not required by the contract and that but for the wrongful act of appellants in requiring him to make such changes the structure would have been completed and delivered to appellants before its destruction by storm. This was not alleged in the petition, and therefore no verdict or judgment based upon this ground can be sustained, and the charge submitting such ground of recovery was unauthorized.

[4] Appellants further complain of the ruling of the court in admitting in evidence testimony offered by plaintiff to the effect that the plans and specifications for the work were defective, and that the destruction of the structure was due to such defects. We think appellants' objections to this testimony should have been sustained. The plans and specifications were attached to the contract and the contractor undertook to build the structure in accordance with said plans and specifications. If they were defective he was charged with notice of the defects at the time he undertook to do the work in accordance therewith, and having so undertaken he could not, in the absence of fraud or mistake, excuse himself for failure to comply with his contract on the ground of such defects in the plans and specifications.

In addition to this, it is not shown who furnished these plans and specifications, and for aught that appears in the record they may have been prepared by the contractor.

The other assignments presented by appellants need not be discussed. If any error is shown by any of them it is not material, and not such as is likely to occur upon another trial.

For the errors before indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.