BASTROP & AUSTIN BAYOU RICE GROWERS' ASS'N et al. v. COCHRAN et al. (No. 354.)

(Court of Civil Appeals of Texas. El Paso. Nov. 12, 1914. Rehearing Denied Dec. 10, 1914.)

1. APPEAL AND ERROR (§ 907*)—PRESUMPTIONS—JUDGMENT.

Where there was no statement of facts, it will be presumed that a judgment recital that they came and announced ready for trial is true, and that all the parties were before the court to authorize judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

2. JOINT-STOCK COMPANIES (§ 19*)—JUDGMENT AGAINST INDIVIDUAL MEMBERS.

Where the petition in an action against a joint-stock association also named each of certain members individually, and prayed judgment against each of them, as authorized by Rev. St. 1911, § 6153, and each in person answered to the merits, and the judgment recited their appearance and answer, there was a suffi-

cient showing to authorize personal judgment against each of them individually.

[Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. §§ 21–27; Dec. Dig. § 19.*]

3. JOINT-STOCK COMPANIES (§ 19*)—ACTION AGAINST—JUDGMENT.

The fact that the judgment in an action against a joint-stock association did not formally read that the property of the association should first be exhausted before execution against the property of the individual members did not vitiate the judgment as to them, since Rev. St. 1911, art. 6153, expressly provides that execution may be issued against such property, but that no execution shall issue against members until execution against the association is returned unsatisfied; and plaintiff was not bound to prove that all the defendants were bound in order to recover against any one of them.

[Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. §§ 21–27; Dec. Dig. § 19.*]

4. APPEAL AND ERROR (§ 677*)—REVIEW—EVIDENCE CONSIDERED.

A citation showing that one of the parties therein was not served and that one was dead was not evidence for the consideration of the Court of Civil Appeals, unless it came up in the proper statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2877; Dec. Dig. § 677.*]

5. APPEAL AND ERROR (§ 701*)—STATEMENT OF FACTS—ASSIGNMENTS.

In the absence of a statement of facts, assignments complaining of the court's refusal to give requested charges will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2933–2935; Dec. Dig. § 701.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by J. B. Cochran against the Bastrop & Austin Bayou Rice Growers' Association and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

See, also, 138 S. W. 1188.

Masterson & Masterson, of Houston, and Masterson & Rucks, of Angleton, for plaintiffs in error. Kahn, Williams & King, of Houston, for defendants in error.

HARPER, C. J. This suit was brought by appellee, Cochran, against the appellant association and the individual members thereof, naming them, and A. N. Fitzgerald, to recover the sum of. $1,449.53, alleged to be due by the appellants to said Fitzgerald as a balance upon a contract under which Fitzgerald constructed for appellants a lock and dam, which claim had been transferred by Fitzgerald to appellee. There being no question concerning the proper determination by the trial court of the issues involved, presented in appellants' brief, which this court can consider, we deem it unnecessary to make any further statement of the issues involved, but for a full statement thereof refer to the opinion in a former appeal of this case reported in 138 S. W. 1188.

[1] The first, second, third, fourth, and fifth assignments of error attack the validity of the judgment appealed from: (a) Because the individual members of the association were not sued in their individual capacity. (b) Because the judgment entered does not first require execution to issue against the stock association, and the joint property be exhausted before execution issue against the individuals. (c) Because it was not shown by any evidence offered that the individual members of the association were served with citation, or that they answered. (d) Because all of the citations on file show that the individuals were not served—the propositions being that where there is no legal service of process or appearance the judgment is void, and there being no service and no appearance by J. W. Heard and W. A. Robertson the judgment as to them is void, and being indivisible is void as to all. There is no statement of facts in the case by which to determine whether the parties against whom judgment was entered were cited or not. The judgment recites that they came and announced ready for trial. Under such state of the record, it must be presumed that the judgment recited the facts, and that all parties were before the court to authorize judgment as provided in article 6153, Revised Civil Statutes 1911.

[2] The appellants' proposition under the first assignment of error is that F. Oberhelman, E. E. White, W. C. Stockton, R. W. Stewart, J. W. Heard, and Raddlemiddle Bros., who are alleged to be a copartnership composed of —— Raddlemiddle and —— Raddlemiddle, W. O. Robertson, and J. G. Barth, are not parties to this suit, and that a judgment rendered against them individually is void. The statute (article 6153, Rev. Civ. Stat.) is somewhat obscure in whether it intended that where individual members of an unincorporated joint-stock company were served by citation, as in this case, that a judgment might be rendered against each of them individually, or simply that execution only might issue against their individual property; but this seems to be a distinction without a difference. If execution may issue, their property may be subjected to the satisfaction of the judgment rendered against the association, whether in fact there was an express judgment against each, individually, or not. But it is not necessary in this case to decide the effect of the statute, for the members each in person answered to the merits. The plaintiff's petition named each of them individually, and prayed judgment against each of them, and the judgment recites that they each came and answered, which is sufficient showing to authorize the personal judgment against each of them individually.

[3] The pleadings name each of the members of the association and pray for judgment against each of them. Therefore the fact that the judgment does not formally read that the property of the association shall

first be exhausted before issuing as to individuals does not vitiate the judgment, because it is a matter controlled by statute (article 6153, supra), and plaintiff is not bound to prove that all the defendants are bound in order to recover against any one of them. Stevens & Andrews v. Gainesville National Bank, 62 Tex. 499. And the general rule is that the indebtedness of a joint-stock company will be charged pro rata to the solvent members. Cameron v. First National Bank, Decatur, 34 S. W. 178. But there is nothing in this record to show that all the individuals against whom this judgment was rendered are not equally solvent; nor, in fact, that the assets of the association are not sufficient to satisfy the judgment.

[4] The seventh and eighth assignments assert that the citation shows that W. O. Robertson was not served and that J. Heard was dead. The citation is not evidence for our consideration, unless it comes up in a proper statement of facts; besides, the judgment contradicts the citation, in that it recites the parties came and announced ready for trial.

[5] The ninth and tenth assignments complain of the refusal of court to give special charges requested. In the absence of a statement of facts, they will not be considered, and are therefore overruled.

The eleventh complains that the court erred in refusing a new trial because the judgment is not supported by the pleadings, and is disposed of by discussion under first to fifth assignments.

There being no error apparent of record, the cause must be affirmed.

Affirmed.