### WOOD v. CLYDE S. S. CO.

(District Court, S. D. Florida. May 28, 1919.)

SHIPPING ☞3½, New, vol. 8A Key-No. Series—FEDERAL CONTROL—SERVICE OF PROCESS.

 Under the Florida statute, providing for service upon a corporation by service upon its business agent, valid service cannot be made upon a transportation corporation by service on the agent of the United States Railroad Administration then in charge of and operating the property, but who is not the agent of the corporation.

Action by G. M. Wood against the Clyde Steamship Company. On motion to quash summons. Motion granted.

Geo. C. Bedell and A. H. & Roswell King, all of Jacksonville, Fla., for plaintiff.

Kay, Adams & Ragland, of Jacksonville, Fla., for defendant.

CALL, District Judge. On October 7, 1918, the plaintiff commenced suit against the defendant for damages claimed to have been sustained by him on June 3, 1918, on board of a ship of the defendant, while employed by the defendant as a carpenter, by one of the agents or employés of the defendant carelessly and negligently leaving a hole open in the floor of said ship without any guard or protection, through which plaintiff fell, without fault on his part.

On November 4th defendant entered its special appearance and moved to quash the summons, because the party upon whom the summons was served was not the agent of the defendant, and supported said motion by an affidavit setting up that fact.

The question raised by this special appearance is: Will the service of process upon an agent of the Director General of Railroads bind the transportation company, then being operated under federal control?

I do not think there is any doubt but that the court will take judicial cognizance of the proclamations of the President taking over transportation systems for war purposes, and the orders of the Director General made for the transaction of the business of transportation under those proclamations. Under proclamation of the President the defendant's properties were taken over on April 13, 1918, and continued to be operated by the United States Railroad Administration until January, 1919.

The return of the service shows it was made upon H. G. White, as a resident business agent of the defendant, on October 7, 1918. The affidavit supporting the motion alleges that said White was not the agent of the defendant, but was the agent of the federal government in the control of the properties of the defendant. On November 30, 1918, the plaintiff filed a demurrer to said motion to quash, treating it as a plea in abatement.

The question involved here was before Judge Evans, of the Southern district of Georgia, and was decided adversely to the contention of the plaintiff in this case, and I think his decision and the reasoning by which he arrived at it sound.

The Florida statutes provide that service upon a corporation may be made upon a business agent resident in the county in which the suit is brought. If the party upon whom the service was made was not the business agent of the corporation, then there was no service to bind the corporation.

The facts set up in the affidavit supporting the motion in this case, admitted by the demurrer of the plaintiff, show the party to have been the agent of the United States Railroad Administration, then in charge of and operating the property of the defendant, and not the agent of the defendant.

The discussion before me involved the construction of the acts of Congress, the proclamations of the President thereunder, and the orders of the Director General; but I do not think such construction is required for the decision of the question before me. The fact, if it be a fact, that the party upon whom service was attempted had, before the taking over of the property by the United States government, been an agent of the defendant, would not, in my opinion, continue him in that position while acting for the Director General.

The motion to quash will therefore be granted.