COBB et al. v. PAYNE, Agent. (No. 6409.)

(Court of Civil Appeals of Texas. Austin. Feb. 1, 1922. On Rehearing, March 8, 1922. Further Rehearing Denied April 12, 1922.)

On Rehearing.

1. Appeal and error ⊝544(1), 907(3)—In absence of bills of exception or statement of facts, rulings sustaining exceptions and dismissing cause not reviewable, presumption being that rulings were correct.

In the absence of bills of exception containing the evidence or a statement of facts, the court's action in sustaining exceptions raising the question of limitation and dismissing the cause is not reviewable on appeal; it being presumed that the trial court considered the evidence and ruled correctly.

2. Evidence ⊝46—Judicial notice that Director General of Railroads was Agent on whom service could have been had when suit was filed and until his successor was appointed.

The court may take judicial notice of President's proclamations of March 11, 1920, appointing the Director General of Railroads as the Agent provided for in Act Cong. Feb. 28, 1920, against whom actions should be brought, and May 14, 1920, appointing his successor, and that when suit was filed the Director General was such Agent, and continued to be such until his successor was appointed.

Appeal from Milam County Court; W. G. Gillis, Judge.

Action by Mrs. Era Cobb and husband against Walker D. Hines, Director General of Railroads, in which John Barton Payne, Agent, was substituted as party defendant. From a judgment dismissing the suit, plaintiffs appeal. Affirmed.

B. P. Matocha, of Cameron, for appellants.

Chambers & Wallace, of Cameron, and Terry, Cavin & Mills, O. B. Wigley, and G. B. Ross, all of Galveston, for appellee.

BRADY, J. Mrs. Era Cobb, joined pro forma by her husband, filed her original petition March 9, 1920, against Walker D. Hines, Director General of Railroads, in an

action to recover damages for injuries to her automobile. The collision occurred at a crossing on the line of the Gulf, Colorado & Santa Fé Railway Company, on March 14, 1918, while such railroad was being operated and controlled by the government. No citation was issued upon this petition.

On April 5, 1920, an amended petition was filed in which John Barton Payne, Agent, was made the defendant. To these pleadings, the defendant John Barton Payne, on June 8, 1920, among other defenses, invoked the two-year statute of limitation, by a special exception and by an affirmative plea. On December 21, 1920, supplemental petitions were filed, in which the plaintiffs admitted that they had not caused citation to be issued and served until May 25, 1920, but alleged as an excuse therefor that, at the time the petition was filed, Walker D. Hines, Director General, had resigned, and that his successor was not appointed until about the 25th day of May, when John Barton Payne became the agent and representative of the government, and that immediately after his appointment process was issued and served.

To these supplemental pleadings the defendant specially excepted on the ground that the excuse pleaded was insufficient to avoid the bar of limitation. The court sustained the exceptions, and, plaintiffs declining to amend, the suit was ordered dismissed.

Appellants claim that the court erred in sustaining the exceptions and in refusing to submit the question of their good faith and diligence as a question of fact to the jury, which they had demanded. We are of the opinion that this position is well taken, since the facts pleaded, to excuse the failure to sooner have issued and served the process, were sufficient. Appellants were entitled to a trial upon this issue; it being a question of fact for the jury where one is demanded. Panhandle Ry. Co. v. Hubbard (Tex. Civ. App.) 190 S. W. 793; Godshalk v. Martin (Tex. Civ. App.) 200 S. W. 535, and authorities there cited.

Counsel for appellee cite authorities to the effect that, in the absence of a statement of facts, it will be presumed that the ruling of the trial court was correct. Appellee admits that the action of the lower court was wholly upon the exceptions, and it is not claimed that there was any trial on the merits of this issue; therefore the authorities cited by them are not in point. The trial court having sustained the exceptions, and thus having decided the question of limitation, as a matter of law from the face of the pleading, there are no facts which could be said to presumably support the judgment. We do not doubt the correctness of the decisions cited, in which it has been held that, where there has been a trial and evidence heard, an appellate court cannot determine the materiality of the rulings made below on questions of evidence, pleadings, and instructions to the jury, in the absence of a statement of facts. Such cases, however, are not in point here, for that the rulings complained of involve solely questions of law, apparent of record and expressly disclosed by the judgment.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

## On Rehearing.

[1] We decided this case originally upon the theory that the trial court disposed of the case strictly as a matter of law, upon the face of the pleadings alone and upon the exceptions of appellee, which raised the question of limitation. The form of the judgment and the manner in which the question was presented in the respective briefs indicated that such was the case. But a closer inspection of the record discloses that the court heard evidence, and it must be presumed that the evidence was considered in rendering the judgment of dismissal.

In the amended motion for a new trial, appellants complained of "the verdict, judgment and findings of the court heretofore rendered," and specifically set up the grounds that the court erred in sustaining the special exceptions, and also erred in sustaining "defendant's plea of limitation." In this motion appellants stated that—

"The evidence introduced in said cause was for the purpose of amplifying the facts and circumstances [shown in] bills of exception Nos. 1 and 2."

The bills of exception referred to are not in the transcript. There is no statement of facts. Hence we do not know what evidence was introduced on the trial. For all we know such evidence may have conclusively shown both that appellants did not file their suit in good faith, and that they were guilty of such negligence, in not having citation issued before the bar of limitation was complete, or within a reasonable time thereafter, as justified the trial court in holding that there was no issue of fact for the jury to decide. In this state of the record, we agree with appellee that the action of the trial court, in sustaining the exceptions and dismissing the cause, is not properly reviewable on appeal. In the absence of a statement of facts, it will be presumed that the trial court's ruling was correct. Fallen v. Weatherford (Tex. Civ. App.) 158 S. W. 1174; Connor v. Mangum (Tex. Civ. App.) 127 S. W. 256; Kruegel v. Johnson (Tex. Civ. App.) 112 S. W. 774; Connell v. Nickey (Tex. Civ. App.) 167 S. W. 313; Bastrop Growers' Ass'n v. Cochran (Tex. Civ. App.) 171 S. W. 294; Hines v. Sparks (Tex. Civ. App.) 146 S. W.

289; Ellerd v. Randolph (Tex. Civ. App.) 138 S. W. 1171.

[2] In addition to such evidence as was introduced below, the trial court could properly take judicial notice of the President's proclamations relating to this matter. Wood v. Steamship Co. (D. C.) 257 Fed. 879; Muir v. Railway Co. (D. C.) 247 Fed. 888; Ry. Co. v. Bostick (Tex. Civ. App.) 233 S. W. 112. We have examined these documents under the seal of the Department of State, and we find that in the proclamation signed by the President March 11, 1920, it is shown that the President on that date appointed Walker D. Hines Director General of Railroads, and his successor in office, as the Agent, provided for in the act of Congress of February 28, 1920 (41 Stat. 456),. against whom actions should be brought, based on causes of action arising while the railways were under the control and operation of the government. Again, on the 14th day of May, 1920, the President, by proclamation, declared that Walker D. Hines, Director General, had tendered his resignation as such Agent, which resignation had been duly accepted, effective as of May 18, 1920, and appointed John Barton Payne, Director General, as such Agent, effective May 18, 1920.

From these proclamations the trial court judicially knew that at the time appellants filed their suit Walker D. Hines was the Agent upon whom service could have been had, and, with the exception of a hiatus of the first 11 days in March, Mr. Hines continued to be the Agent provided for in the federal act until his successor, John Barton Payne, was appointed on May 18, 1920. These facts strengthen our conclusion that it must be presumed, in the absence of a statement of facts or bills of. exception showing the contrary, that the trial court had before it sufficient evidence to warrant the judgment rendered without submitting any issue to the jury.

For the reasons indicated, appellee's motion for rehearing will be granted, the former judgment of this court set aside, and judgment of the trial court will be affirmed.

Rehearing granted.

Judgment affirmed.