DAN EGAN, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLANTS.

FILED DECEMBER 30, 1922. No. 22176.

1. Carriers: INJURY TO LIVE STOCK: BURDEN OF PROOF. "In an action to recover damages from a carrier for injury sustained by live stock in transit, which are accompanied by the owner or his agents, the burden is on the owner to show that the loss complained of was occasioned by the carrier's negligence." *Cleve v. Chicago, B. & Q. R. Co.*, 77 Neb. 166; *Starr v. Chicago, B. & Q. R. Co.*, 103 Neb. 645.

2. Parties: MISJOINDER. The transporting railroad company may not properly be joined with the director general of railroads in an action against the latter for injury to stock or property in transit; and whenever in the course of the proceedings the question of such improper joinder is raised, the court should recognize its lack of jurisdiction and sustain the motion of the railroad company to dismiss it from said action.

APPEAL from the district court for Grant county: BAYARD H. PAINE, JUDGE. *Reversed.*

*Byron Clark, Jesse L. Root* and *J. W. Weingarten,* for appellants.

*Daniel F. Osgood,* contra.

Heard before MORRISSEY, C. J., DAY, FLANSBURG and ROSE, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

A car of stock was shipped by the plaintiff from Hyannis to South Omaha on or about the 2d day of

November, 1919, the shipper sending a caretaker along to look after the said stock. The caretaker last saw the cattle at or near Seward, Nebraska, when they were standing up and apparently in good condition. When the shipment was unloaded at Omaha, two of the cows were found to be cripples and had to be removed from the car and disposed of as such, to the plaintiff's damage in the sum of $106.70. The action is upon the assumption that the railroad company must be presumed liable for all injuries to stock in transportation, except those arising from the act of God, or the public enemy, or from the natural propensities of the animals. The answer of the company was that a caretaker was in charge, and that, such being the case, said presumption does not obtain, and that unless the injuries relied upon are proved to have resulted from the negligence of the company the owner cannot recover. The contention of the plaintiff in reply was that the act of 1915, requiring railroad companies to transport caretakers with shipments of stock upon the consideration charged for such shipments, disposes of the defense so pleaded by said company.

The determining question seems to be whether or not the enactment of the legislature, Laws 1915, ch. 106, sec. 1, is of such force as to change the rule relieving the company of the burden of the described presumption in those cases where the shipper sends a caretaker with the stock. And the argument of the plaintiff seems to be that, before the said enactment was passed, the carrying of a caretaker by the company was a sufficient consideration from company to shipper to make valid an agreement between the parties that, by sending his caretaker along without extra expense to him to care for his stock, the shipper released the company from the burden of such presumption, and took upon himself the burden of proving that any injury happening to the stock in transit was chargeable to the negligence of the company.

We cannot see how the statute has any such effect, and the previous decisions of this court relieving the company from any such presumption where a caretaker was in charge have been upon an entirely different theory. This theory is well set out in *Starr v. Chicago, B. & Q. R. Co.,* 103 Neb. 645:

"The common-law rule, making the carrier an insurer of goods in its hands for transportation, arose from the practical impossibility of shippers proving how the goods were lost. Frauds and collusions were easily practiced but hard to prove. The shipper parted entirely with his possession and control, and the carrier could pretend a robbery or accident which had not happened. In course of time the original rule was modified in certain particulars. Not only were losses occasioned by the act of God or public enemy excepted, but certain losses due to the natural propensities of the animal being shipped were also excepted. When, by agreement of the parties, the animals shipped were attended by a caretaker, this furnished another ground for an exception to the original rule, because in such case it might be more the duty of the caretaker to anticipate and prevent the particular injury than it would be the duty of the carrier. Accordingly, the common-law rule, as applied to such a case, appears to be as announced by this court in *Cleve v. Chicago, B. & Q. R. Co.,* 77 Neb. 166, as follows: 'In an action to recover damages from a carrier for injury sustained by live stock in transit, which are accompanied by the owner or his agents, the burden is on the owner to show that the loss complained of was occasioned by the carrier's negligence.'"

We think that this case rules the case at bar, and that, since the plaintiff sent his caretaker along, the defendant company was relieved from the burden of the common-law presumption. No evidence is introduced by the plaintiff tending to show that the company was in any wise negligent in transporting the stock in question. It is true that when the stock was loaded it was

in good condition, but without the presumption under consideration the plaintiff has nothing upon which to base a recovery.

There is some evidence that when the train arrived at Omaha the caretaker, along with other caretakers accompanying other shipments of stock, was told to get off and to go ahead to the viaduct. But there is no evidence whatever that he was denied the privilege of accompanying his stock to the stock-yards, and, in any event, the question of being prevented from doing his duty efficiently as a caretaker is not in any wise raised by the pleadings. Such being the fact, the judgment of this court must be in favor of the defendant. There was error in the decision of the trial court, and its judgment must be reversed and the action dismissed.

The cross-appellee, the Chicago, Burlington & Quincy Railroad Company, contends that it was improperly joined with the director general of railroads. This contention is manifestly sound; and when its objection was raised it should have been sustained. Perhaps that objection should have been presented to the court at the outset, and not after the case had been appealed, but wherever the objection is jurisdictional and the court finds that it is without jurisdiction to hold a case, or a party thereto, it is the manifest duty of the court to take notice of it and to act accordingly. That the railroad company cannot be joined in the same action with the director general of railroads is well settled. *Hines v. Dahn*, 267 Fed. 105; *Missouri P. R. Co. v. Ault*, 256 U. S. 554. On this account alone, the Chicago, Burlington & Quincy Railroad Company should be, and is, dismissed.

It is doubtful that shippers get any good from the act of the legislature permitting them to send a caretaker with their shipments of live stock without extra charge. This is certainly so unless the caretaker is of exceptional efficiency, and ready and able to do a thorough-going job of looking after the stock while in transit, something that is often of no small difficulty. Where

the caretaker accompanies the stock, the railroad company will not be subject to the presumption that injury to said stock occurred by its negligence; and, if relief from the condition which now obtains is to be had at all, it should be had at the hands of the legislature and by legislative enactment which shall squarely rest the common-law liability upon the carrier.

REVERSED AND REMANDED.