**DAVIS, Agent, v. HAGAN. (No. 8.)**

(Court of Civil Appeals of Texas. Waco. Oct. 25, 1923.)

**1. Justices of the peace ⚌174(12)—Amendment on appeal increasing amount in controversy held to deprive county court of jurisdiction.**

Where plaintiff amended his pleadings in the county court on appeal from the justice court, so that the amount involved exceeded the amount of which the justice court had jurisdiction, the county court had no jurisdiction, under Const. art. 5, §§ 16 and 19.

**2. Appeal and error ⚌20—Where lower court without jurisdiction.**

The Court of Civil Appeals had no jurisdiction on appeal where the county court had no jurisdiction.

**3. Appeal and error ⚌185(2)—Want of jurisdiction fundamental error.**

Want of jurisdiction in county court on appeal from justice court because amount in controversy exceeded the amount of which the justice court had jurisdiction constitutes fundamental error apparent of record, necessitating reversal of county court's judgment on appeal therefrom to the Court of Civil Appeals.

**4. Evidence ⚌46—Judicial notice taken of President's proclamation placing railroads under federal control.**

In action against Director General of Railroads, in which the government Agent was substituted as the defendant, on termination of federal control, the court will take judicial notice of the President's proclamation placing railroads under federal control, under U. S. Comp. St. § 1974a, dispensing with proof that the railroad was under federal control at the time of the accident.

**5. Limitation of actions ⚌125—Suit against federal agent held not barred by limitations.**

Substitution of Agent designated by President under federal Transportation Act, § 206 (a), for the Director General of Railroads as defendant did not constitute commencement of a new cause of action so as to be barred by failure to bring the action within two years after termination of government control under such statute, in view of subdivision (d), providing that suits previously filed should not abate by reason of federal control, but could be prosecuted by substituting the Agent as the defendant.

**6. Appeal and error ⚌1001(1)—Jury's finding on facts not disturbed.**

Where there was evidence raising an issue of fact, the jury's finding thereon will not be disturbed on appeal.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by James Hagan against James C. Davis, Federal Agent. Judgment for plaintiff on appeal from the justice court, and defendant appeals. Reversed and remanded.

C. S. & J. E. Bradley, of Groesbeck, for appellant.
A. B. Rennolds, of Mexia, for appellee.

BARCUS, J. On December 2, 1919, appellee, James Hagan, brought suit in the justice court of Limestone county against the Trinity & Brazos Valley Railway Company, John A. Hulen, receiver of said railway, and Walker D. Hines, Director General of Railroads, to recover $175 and $20 attorney's fees for damages, alleging that one horse was killed and another injured on the night of January 6, 1918, by a train of cars operated by defendant railway company being run over and against said horses, and alleged that there was no sufficient fence of the right of way where said injury occurred. The trial in the justice court was had on February 10, 1920, and resulted in a judgment for plaintiff. The cause was appealed to the county court, and on December 15, 1922, appellee for the first time made James C. Davis, Agent of United States, a party to the suit and alleged his damages to the stock at $175 and $20 attorney's fees and 6 per cent. interest from January 6, 1918. On April 20, 1923, appellee dismissed the case as to the railway company, the receiver, and Walker D. Hines as Director General, and Davis answered as Agent, and filed pleas in abatement to dismiss the cause because he had not been made a party within two years after the United States government control had terminated, as provided by law, and because the action was barred by limitation. The court overruled said pleas. Appellant, on

trial of the case, requested a peremptory instruction, which the court refused, and appellant reserved exceptions to all of said actions of the court.

The cause was tried April 21, 1923, in the county court before a jury, and submitted on special issues. The jury found that one horse was killed and another injured by the engine or cars operated upon the Trinity & Brazos Valley Railroad actually coming in contact with the animals, and that the horse killed was worth $150, and one was injured to the extent of $25, and found that the right of way was not sufficiently fenced to keep the horses from entering on the right of way. The court entered judgment for the appellee for $175 and 6 per cent. interest from December 2, 1919, on said amount, against the appellant as Agent. Motion for new trial was filed, which was overruled.

[1-3] We are met on the threshold with a jurisdictional question. Appellee by his amended pleadings filed in the county court, claimed damages in the sum of $195, with 6 per cent. interest from January 6, 1918, a total of more than $250. The cause having originated in the justice court, the county court on appeal had no jurisdiction of the amount involved, and this court has no jurisdiction. This is fundamental error apparent of record which necessitates the reversal of this cause. Article 5, §§ 16 and 19, Constitution of Texas; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031; Vicars v. Tharp (Tex. Civ. App.) 174 S. W. 949; Siensheimer & Co. v. Maryland Motor Car Insurance Co., 106 Tex. 383, 167 S. W. 228; Goswick v. Templeton & Hightower (Tex. Civ. App.) 132 S. W. 945; Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Ft. W. & D. C. Ry. Co. v. Rayzor, 58 Tex. Civ. App. 544, 125 S. W. 619; M., K. & T. Ry. Co. of Texas v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415.

The appellant by seven different assignments of error presents the following questions:

[4] (1) That the court should have instructed the jury to return a verdict for appellant, because it was not shown that the railroad in question was under government control at the time of the accident for which the suit was brought.

The assignments raising this question are overruled, because the courts are required to take judicial notice of the President's proclamation taking over all the railroads on the 28th day of December, 1917, under the authority conferred by Congress. Section 1974a, p. 274, U. S. Comp. Statutes 1918; Wood v. Clyde & Co. (D. C.) 257 Fed. 879; Muir v. Ry. Co. (D. C.) 247 Fed. 888; Cobb v. Payne (Tex. Civ. App.) 240 S. W. 610; Minter v. Ry. Co. (Tex. Civ. App.) 245 S. W. 476; Gulf, Colorado & Santa Fé Ry. v. Bostick (Tex. Civ. App.) 233 S. W. 112.

[5] (2) The appellant contends that the trial court should have instructed a verdict for him, because the alleged cause of action was barred as to him, since he was not made a party to the suit within two years after the government control of railroads was ended on March 1, 1920.

The assignments presenting this error should be overruled. The order terminating the federal control of railways took effect on March 1, 1920, and provides (section 206[a], Federal Statutes, 1920 Supplement, 77) that all suits based on causes of action arising during the federal control should be brought within two years from the time the railroads were returned to their owners. Subdivision (d), however, of said act of Congress, provides that all suits that had already been filed at said time should not abate by reason of the termination of the federal control, but could be prosecuted to final judgment by substituting the agent designated by the President under subdivision (a). This cause being a pending suit on March 1, 1920, when the federal control was terminated, the parties had a right to a trial by making the federal Agent, James C. Davis, a party, which was done, and it did not constitute a new cause of action. Hines v. Collins (Tex. Civ. App.) 227 S. W. 332; Payne v. Stockton, 147 Ark. 598, 229 S. W. 44; Fort Worth & R. G. Ry. Co. v. Sellers (Tex. Civ. App.) 242 S. W. 275; Hines v. Jordan (Tex. Civ. App.) 228 S. W. 663.

[6] (4) Appellant contends that the jury's finding that the animals in question were killby being struck by the engine of cars of the Trinity & Brazos Valley Railway is not supported in any way by the testimony. The evidence raised this issue, and, the jury having found against the appellant, this court will not disturb said finding.

This cause, for the reason here assigned, is reversed and remanded.