## CHICAGO, R. I. & P. RY. CO. v. DAVIS.

No. 12454—Opinion Filed Nov, 13, 1923.

**1. Evidence—Judicial Notice—Federal Control of Railroads.**

The courts of this country may take judicial knowledge that the lines of transportation in the United States, including the defendant's line of railroad, on which plaintiff claims to have sustained loss and injury, were taken over by the federal government, and operated by federal agency from 12:00 m., December 28, 1917, until 12.01 a. m., March 1, 1920.

**2. Railroads—Nonliability of Owners During Federal Control.**

The owners of transportation lines are in no wise liable on causes of action growing out of the control and operation of such lines by the federal ·government between 12:00 m., December 28, 1917, and 12:01 a. m., March 1, 1920.

**3. Same—Actions Filed Afterward—Federal Agent as Defendant.**

Where suits are brought on causes of action growing out of federal control and operation of the transportation lines in the United States, after the transportation lines were returned to the corporation owners, the same should be brought and prosecuted against the Federal Agent provided in the Transportation Act of 1920, and appointed by the President of the United States.

**4. Same — Action Against Railroad Not Maintainable.**

Where suit is brought against the Chicago, Rock Island & Pacific Railway Company for loss occasioned on one of its lines of railroad, and the allegations are that the loss or injury occurred in the year 1919, and the proof offered on the part of the plaintiff tends to show that the loss or injury occurred in the year 1919, the same is insufficient to establish a right to recover as against said corporation; and does not require the submission of the same to the jury; and a demurrer to plaintiff's evidence, or motion for a directed verdict for defendant, should be sustained; and where the trial court overrules such demurrer. or refuses to direct a verdict for the defendant, the same constitutes reversible error.

**5. Same—Reversal.**

Record examined, and held, that plaintiff's evidence tended to show loss and injury occurring upon one of the defendant's lines of railroad in the year 1919, and that such evidence did not tend to establish a cause of action against the defendant; and that the judgment of the trial court, for plaintiff, must be reversed.

**6. Same—Dismissal of Petition.**

Record examined, and held, that, under the allegations of the petition and the proof adduced upon the trial, there is no theory upon which the plaintiff is entitled to recover against the Chicago. Rock Island & Pacific Railway Company; and that plaintiff's petition should be dismissed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by E. E. Davis, against the Chicago, Rock Island & Pacific Railway Company to recover damages for loss of livestock on the Chicago, Rock Island & Pacific Railroad, alleged to have been killed, part in January, 1919, and part in July, 1919, in Grant county, Okla. Judgment for plaintiff, and defendant appeals. Reversed, with directions.

C. O. Blake, A. T. Boys, W. R. Bleakmore, and W. F. Collins, for plaintiff in error.

E H. Breeden and Sam P. Ridings, for defendant in error.

Opinion by SHACKELFORD, C. For convenience, the parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the trial court.

The plaintiff filed this action in the district court of Grant county, on the 23rd of September, 1920. The plaintiff alleged two causes of action. The first is, that by reason of the defective manner in which a certain gate on defendant's railroad had been kept, two of his mules were killed on about the 28th of January. 1919. the value of the mules alleged to be $400. The second is that by reason of the gate defectively maintained on the right of way of the defendant's railroad, one of the plaintiff's mules was killed on the railroad on about the 6th of July, 1919, ·the value of the mule alleged to be the sum of $150.

The defendant filed answer on the 9th of October, 1920, in effect a general denial. The cause was tried to a jury on the 26th of January, 1921, resulting in a verdict and judgment for plaintiff in the sum of $550, and the defendant prosecutes this appeal.

Three assignments of error were made in the motion for a new trial, and insisted upon here, together with alleged error of the court in overruling the motion for a new trial. The assignments are: (1) Excessive damages, appearing to have been given under the influence of passion and prejudice; (2) error in the assessment of the amount of recovery, the same being too large; (3) errors of law occurring at the trial, duly excepted to by this defendant, the party making the application. For a proper determination of this appeal, it will be necessary to examine only one of the errors of law com-

plained of as occurring at the trial, and duly excepted to by the defendant.

The testimony on the part of the plaintiff tended to prove that the mules referred to in the first cause of action were killed on about January 28, 1919, and that the mules were worth $400. That the mule referred to in the second cause of action was killed some time in July, 1919, and the value fixed at $150. The mules referred to in both causes of action were shown to have been killed on the right of way or tracks of the Chicago, Rock Island & Pacific Railroad in the county in which the suit was filed. At the close of the evidence, defendant moved for a directed verdict, as follows:

"Now comes the defendant, the Chicago, Rock Island & Pacific Railway Company, a corporation, at the close of all the evidence, and moves the court to direct a verdict in favor of the defendant and against the plaintiff, for the reason that the evidence is insufficient to constitute a cause of action in favor of the plaintiff and against the defendant."

This motion was overruled and exception allowed. Thereafter the defendant moved the court to give to the jury the following instruction:

"Gentlemen of the jury, you are instructed that in this case, the court will take judicial notice of the fact that on the 28th day of December, 1917, by executive proclamation, the President of the United States of America, in time of war, for said United States of America, took over, by authority of law, the exclusive possession, use, management and operation of the railroad system of transportation, and all lines and parts thereof, of and belonging to and then being possessed, used, managed and operated by the defendant herein, the Chicago, Rock Island & Pacific Railway Company, a corporation, together with other railroads and systems of transportation of the United States of America, and from said time continuously and exclusively possessed, used, managed and operated the same by and through a Director General of Railroads, and his agents, servants and employes, until the first day of March, 1920. when said possession, management and control of said railroad and system of transportation was relinquished and the possession, use, management, control and operation thereof restored to the defendant herein, the Chicago, Rock Island & Pacific Railway Company, a corporation, the owner of said railroad and system of transportation; and in this connection you are instructed that it is undisputed that plaintiff's animals were killed on said railroad during the months of January and July, 1919, during said period of federal control, and at a time when said railroad and system of transportation was being exclusively possessed, used, managed, operated and controlled by said federal government and not in any wise by this defendant herein; and you are further instructed that under the law and evidence and facts in this case, plaintiff has no cause of action for said injury and damage, if any, against the defendant herein, and you are instructed to return a verdict in favor of the defendant herein and against the plaintiff herein."

The overruling of the defendant's motion for a directed verdict and for the instruction requested, constituted error. The motion for a directed verdict on behalf of the defendant should have been sustained. This court takes judicial knowledge of the act of Congress of August 29, 1916 empowering the President of the United States to take over the systems of transportation throughout the United States; and, further, that on the 26th of December, 1917, the President of the United States issued his proclamation taking over systems of transportation operating in the United States, including that of the defendant, from and after 12 m. on the 28th of December, 1917; that federal control of the railroad systems, including that of the defendant, was continued under the act of Congress of March 21 1918, until Congress should terminate federal control; that it was provided by the Transportation Act of 1920 that federal control should terminate at 12:01 a. m., March 1, 1920, at which time the carrier systems, including that of the defendant, should be turned back to the owners. Thus, we find that the carrier companies, including the defendant, were entirely out of control of their properties from 12 noon, on the 28th of December, 1917, until 12:01 a. m., March 1, 1920. The plaintiff's causes of action arose in 1919, and while the federal government had entire possession and control of the operation of defendant's lines of railroad including that part thereof where the injury complained of occurred. The suit was filed on the 23rd of September, 1920, or after the lines had been turned back to the owners. Then, the question arises as to who was liable for the damage done. Was it the owners of the property, who, at the time of the injury, were not being permitted to operate the line of railroad, or was it the agency in possession and control of the operations of the line at the time of the injury?

In Mo. Pac. Ry. Co. v. Ault, 256 U. S. 554, the Supreme Court of the United States laid down the rule as to the liability of the corporation owner in this language:

"A railroad corporation is not liable, either at common law or under paragraph 10 of the Federal Control Act, upon a cause of action arising out of the operation of its railroad by the government through the Di-

rector General of Railroads."

Other cases of like effect are: Commonwealth of Kentucky v. L. & B. Ry. Co. (Ky.) 224 S. W. 847; Nash v. So. Pac. Ry. Co., 260 Fed. 280; Mardis v. Hines, Director General, 258 Fed. 945; Egan v. C., B. & Q. Ry. Co. (Neb.) 191 N. W. 708; L. & N. Ry. Co., v. Fields (Ky.) 246 S. W. 130.

At the time of the injury complained of, the federal government was in complete possession and in control of the operations of the line of railroads through the agency of the Director General of Railroads. Had the suit been filed before the line of railroad was turned back to the defendant company, there is no question but that it should have been brought against the Director General of Railroads. Under the Federal Control Act, followed by the promulgation of general order No. 50, it could not be maintained against the carrier corporation, the defendant here. The Transportation Act, which became effective on February 28, 1920, had the effect of releasing the Director General of Railroads as the governmental agency, and of returning the railroads, including the line where plaintiff's property is charged to have been destroyed, to the owners from and after 12:01 a. m., March 1, 1920. But, upon releasing control of the transportation lines, the government still recognized that the carrier corporation would not be liable on cause of action arising out of federal control, just as was held in Mo. Pac. Ry. Co. v. Ault. supra. The Congress of the United States recognized the justice of providing a means for disposing of causes of action arising under federal control, and in the said transportation act provided a means by which such causes of action might be litigated against the government by and through an agent to be appointed by the President of the United States. In the Transportation Act of 1920, it is provided:

Sec. 206, (a) "Actions at law, suits in equity, and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroads or systems of transportation of any carrier (under the provisions of the Federal Control Act, or of the act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings, may, within the periods of limitations now prescribed by the state or federal statute but not later than two years from the date of the passage of

this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

It will be observed that this section of the act provided that suits arising out of the control and operation of the transportation lines while under governmental control "may, after the termination of federal control, be brought against an agent designated by the President for such purpose." It further provides that such agent should be named by the President within 30 days after the passage of the act. It is a matter of common knowledge that the President of the United States did name an individual as the agent of the government against whom suits should be brought and prosecuted on causes of action arising out of federal control. In Cobb v. Payne, Agent (Tex. Civ. App.) 240 S. W. 610, it was held that:

"The court may take judicial notice of President's proclamation of March 11, 1920, appointing the Director General of Railroads as the agent provided for in Act Cong. Feb. 28, 1920, against whom actions should be brought, and May 14, 1920, appointing his successor. * * *"

After the Federal Control Act, and the promulgation of general order No. 50, suits arising out of the possession and operation of the federal government were to · be brought and prosecuted against the Director General until the President of the United States should name an agent against whom such actions might be brought and prosecuted as provided in the Transportation Act of 1920. No means has ever been provided by which causes of action growing out of the possession, control, and operation of the transportation lines by the government might be brought and prosecuted against the carrier corporation.

The plaintiff's causes of action, having arisen out of the possession, control, and operation of the defendant's line of railroad by the government, the defendant company was not liable for the injury complained of, and the suit having been brought after the line of railroad had been turned back to the defendant company, and after the President of the United States had named an agent of the Government against whom such actions might be brought and prosecuted under the provisions of the Transportation Act of 1920, should have been brought and prosecuted against the agent named by the President. Since the plaintiff did not so bring the action, but brought it against the carrier corporation, and the evidence conclusively proves that the injury complained of occurred in 1919 upon a line of railroad

which the court takes judicial knowledge was under governmental control, such evidence did not tend to prove a cause of action against the defendant corporation, and the trial court should have directed a verdict for the defendant.

We conclude that the trial court erred in refusing to direct a verdict for the defendant; and likewise erred in refusing to give to the jury the instruction requested by the defendant; which errors compel a reversal of the judgment; and there being no theory upon which the plaintiff can maintain his action against the defendant railroad corporation, a dismissal of the plaintiff's petition as against the defendant should follow.

We recommend that the judgment of the trial court be reversed, with directions to dismiss the action as to the defendant railroad corporation.

By the Court: It is so ordered.